# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Reginald Vaughn Lawrence Brown,<br>　　　　Defendant. | No. 17-06204MJ-001-PHX-DKD<br>**ORDER** |

On May 5, 2017, a Criminal Complaint (Doc. 1) was filed charging the Defendant with one count of attempted transportation of an individual in interstate commerce with intent to engage in prostitution pursuant to 18 U.S.C.§ 2421. The Defendant requested a preliminary hearing at his initial appearance. A preliminary hearing was held on May 10, 2017. The Court ordered that simultaneous memoranda of law regarding the issue of jurisdiction be filed by 5pm on May 12, 2017. The matter is deemed submitted for decision.

## I. BACKGROUND

As set forth in the Affidavit in Support of Criminal Complaint (Doc. 1) and the testimony of FBI Special Agent Childress, the alleged facts in support of the charge involve an undercover Task Force Officer assigned to the FBI Phoenix Field Office from the Chandler Police Department who was contacted by the Defendant during a sting operation through the officer's tagged social media account which created a virtual female persona. Both the undercover officer and the Defendant were located in Arizona

at all times relevant to this action. The officer engaged in a series of on-line and text conversations with the Defendant, informing the Defendant that the officer was located in New Mexico, broke, and trying to "figure out a job situation." Through these online and text conversations which occurred on or between April 4, 2017 and May 4, 2017, the Defendant actively recruited the undercover officer's virtual female persona into prostitution and criminal sexual activity by instructing the officer on how to "get in the game," cost-out the sale of sexual acts, purchase and use condoms, prostitute herself, buy a bus ticket to Phoenix, wire a "choose up fee" to the Defendant to engage his services as a pimp, and come work as a prostitute for the Defendant in Phoenix. The Defendant provided the officer with the bus stop address in Arizona at which she should arrive and his phone number. The Defendant assured the officer that he would pick her up upon her arrival in Phoenix. The officer texted the Defendant upon the scheduled arrival time of the bus. The Defendant then sent a Lyft driver to the bus stop to transport the officer to the Defendant. FBI Agent Childress obtained the Defendant's address from the Lyft driver who arrived at the station as arranged. The undercover officer and Task Force Officers then proceeded to arrest the Defendant in possession of the phone used for the text messaging at the address provided by the Lyft driver.

The Defendant did not provide the funds or means of transportation by purchasing or attempting to purchase a bus ticket for the undercover officer's virtual persona. No one was ever in New Mexico.

## II. LEGAL STANDARDS

### A. Preliminary Hearing

Federal Rule of Criminal Procedure 5.1 addresses preliminary hearings and Rule 5.1(e) specifically provides that "[i]f the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings." However, Fed. R. Crim. P. 5.1(f) provides that:

> [i]f the magistrate judge finds no probable cause to believe an offense has been committed or the defendant committed it, the magistrate judge must dismiss the complaint and discharge the defendant. A discharge does not preclude the government from later prosecuting the defendant for the same offense.

18 U.S.C. § 3060. "A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial." *Barber v. Page,* 390 U.S. 719, 725 (1968), *overruled on other grounds by Crawford v. Washington,* 541 U.S. 36 (2004). Neither the criminal procedural rules nor criminal code, however, define "probable cause." Case law establishes that in the context of preliminary hearings "[p]robable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Coleman v. Burnett,* 477 F.2d 1187, 1202 (C.A.D.C. 1973) (citations omitted); *In re Szepietowski*, No. M 08-971(CLP), 2009 WL 187568, *4 (E.D.N.Y. 2009) (In an extradition case, "[p]robable cause has been defined as the level of evidence 'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.'") (citations omitted).

### B. 18 U.S.C. § 2421

18 U.S.C. § 2421 states in pertinent part:

> Whoever knowingly transports any individual in interstate or foreign commerce . . . with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both.

As mentioned, the Defendant is charged with attempt to violate 18 U.S.C. § 2421. "The crime of attempt consists of two elements. First, the government must prove 'culpable intent.'" *United States v. Ward*, 914 F.2d 1340, 1345 (9th Cir. 1990) (citation omitted). Second, the government must prove "conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent." *Id.* (citation omitted).

Regarding the intent element, "the defendant must have been acting with the kind

- 3 -

of culpability otherwise required for the commission of the crime which he is charged with attempting." *Id.* (citation omitted). To satisfy the substantial step element, a defendant's "actions must 'cross the line between preparation and attempt' by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995) (quoting *United States v. Still*, 850 F.2d 607, 609 (9th Cir. 1988)). That is, "the defendant's actions must be a 'true commitment' toward completing the crime." *Id.*

The elements of attempted transportation for prostitution are: (1) the defendant knowingly attempted to transport a person in interstate commerce; (2) the defendant attempted to transport a person with the intent that such a person engage in prostitution or any sexual activity for which a person can be charged with a criminal offense; and (3) the defendant did something that was a substantial step toward committing the crime. Ninth Circuit Manual of Model Jury Instructions Criminal § 8.191 (2010).

**C. Commerce Clause**

"The Constitution creates a Federal Government of enumerated powers." *Houston, E. &W.T.R. Co. v. U.S.,* 234 U.S. 342, 351 (1914). One such enumerated power is the Commerce Clause. U.S. Constit. art. I, § 8. The Supreme Court has identified "three broad categories of activity that Congress may regulate" through the Commerce Clause: (1) "the use of the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce;" and (3) "activities having a substantial relation to interstate commerce, i.e., those activities that substantially affect interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558 (1995) (citations omitted). The Necessary and Proper Clause authorizes Congress "[t]o make all Laws which shall be necessary and proper for carrying into Execution" its enumerated powers. U.S. Constit. Art. I, § 8, cl. 18. Congress' authority to enact 18 U.S.C. § 2421 under the Necessary and Proper Clause derives from the second category of activity regulated under the Commerce Clause. *See Hoke v. United States*, 227 U.S. 308 (1913) (upholding the Mann Act against a Commerce Clause challenge). The Court recognizes that a

criminal act committed in Arizona "cannot be made an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States." *United States v. Fox*, 95 U.S. 670, 672 (1877).

### III. DISCUSSION

The Defendant argues that probable cause cannot be found because no jurisdiction has been established. Specifically, the Defendant asserts that there is no "interstate nexus that would satisfy the statute's jurisdictional predicate" under the Commerce Clause. (Doc. 8 at 5). Because no one traveled in interstate commerce and all communication occurred in Arizona, the Defendant states that the power of Congress through the Commerce Clause to regulate and protect people and things in interstate commerce has not been invoked and the Court has no jurisdiction.

"In every federal criminal prosecution, subject-matter jurisdiction is conferred by 18 U.S.C. § 3231." *United States v. Ratigan*, 351 F.3d 957, 963 (9th Cir. 2003); 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Although the interstate nexus element found in many federal criminal statutes, such as 18 U.S.C. § 2421, is frequently referred to as the "jurisdictional element," it "is not jurisdictional in the sense that it affects . . . a court's constitutional or statutory power to adjudicate a case." *Ratigan*, 351 F.3d at 963 (quoting *Hugi v. United States*, 164 F.3d 378, 380-81 (7th Cir. 1999)). "[C]ourts have consistently determined that the jurisdictional element of federal crimes does not present a pure question of the court's subject-matter jurisdiction." *Id.*

This case involves an attempted violation of an offense enacted by Congress through the Necessary and Proper Clause to carry out the regulatory authority vested in Congress by the Commerce Clause of the U.S. Constitution. To the extent that the Defendant is arguing that the Court lacks subject-matter jurisdiction as the alleged facts do not involve movement across state lines, the argument is without merit. *See Hugi*, 164

F.3d at 380-81 ("A link to interstate commerce may be essential to Congress's substantive authority, see *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), but the existence of regulatory power differs from the subject-matter jurisdiction of the courts."). Any defects in the government's evidence go to the merits of a case, not the Court's subject-matter jurisdiction.

Where a defendant is charged with attempt, "[i]t is the intent to commit a crime, not the possibility of success, that determines whether an act or omission constitutes the crime of attempt." 22 C.J.S. Criminal Law: Substantive Principles § 153. "[T]he focus of attention in determining whether the crime of attempt has been committed is the culpability of the accused and not the facts or legal issues." *Id.* As explained in *United States v. Gladish*, 536 F.3d 646, 648 (7th Cir. 2008), "[a] person who demonstrates by his conduct that he has the intention and capability of committing a crime is punishable even if his plan was thwarted." To be convicted on an attempt charge, a defendant must "do something that makes it reasonably clear that had [the person] not been interrupted or made a mistake—for example, the person [the defendant] thought [he or she] was shooting was actually a clothier's manikin—[the defendant] would have completed the crime." *Id.*

Under the facts as alleged in this case, the Court finds that the Defendant's alleged communications and conduct establishes probable cause that the Defendant intended to violate 18 U.S.C. § 2421. Probable cause for the first element of the crime of attempt therefore exists.

As to the second element of an attempt charge (substantial step), the Court finds that the Defendant's actions in directing and instructing the undercover officer's virtual female persona to prostitute herself and hire the Defendant as her pimp, as well as providing her with a driver to pick her up at the bus stop upon arrival in Arizona, constitute conduct beyond "persuading and inducing" the virtual woman to travel by bus from New Mexico to Arizona for the purpose of prostitution. *See Brown v. United States*, 314 F. 2d 293, 294-95 (9th Cir. 1963) (rejecting argument made by defendant convicted

under Section 2421 that because the woman furnished the automobile and the money, she was the "transporter," explaining that "there was evidence from which the jury could have found that [defendant] directed and controlled [the woman] and was the effective cause of her immoral activities"); *Ege v. United States*, 242 F.2d 879, 880 (9th Cir. 1957) (assuming that "2421 requires a little more 'causing' beyond just 'persuading and inducing'"); *United States v. Jones*, 909 F. 2d 533, 540-41 (D.C. Cir. 1990) (accepting the premise that "one need not physically carry or accompany a person interstate in order to 'transport' her," but concluding that "[i]f § 2421 [of the Mann Act] is interpreted so broadly as to encompass inducement, then § 2422 would be redundant"). The Defendant's alleged conduct demonstrates a "true commitment" toward violating 18 U.S.C. § 2421. *See Nelson*, 66 F.3d at 1042. The Court finds probable cause that the Defendant took a substantial step toward committing a violation of 18 U.S.C. § 2421. Probable cause for the second element of the crime of attempt therefore exists.

## IV. CONCLUSION

For the reasons set forth herein, the Court finds that probable cause exists that the crime charged in the Criminal Complaint filed May 5, 2017 (Doc. 1) was committed and that the Defendant committed the crime charged. Defendant's motion to dismiss the Criminal Complaint is denied.

An Order shall be filed separately regarding the issue of detention.

Dated this 18th day of May, 2017.

_____
Eileen S. Willett
United States Magistrate Judge